UNITED STATES of America,
Plaintiff—Appellee,

v.

Oscar MALDONADO–GOMEZ,
Defendant—Appellant.

No. 05–10384.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anne E. Mosher, Esq., USTU—Office of The U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Oscar Maldonado–Gomez appeals from his 51-month sentence imposed after his guilty plea to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant contends that the district court erred in finding his statutory sentencing range to be five to forty years based on a finding that the quantity of marijuana involved was 212 kilograms when such quantity was not charged in the indictment nor proven beyond a reasonable doubt, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Similarly, appellant also contends that the drug quantity used to determine his sentencing guidelines range violated his Sixth Amendment right

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

because it was not charged in the indictment nor proven beyond a reasonable doubt. We disagree.

■ Appellant waived his right to a jury determination by admitting in his guilty plea to the specific quantity of marijuana involved in the offense and acknowledging that his statutory sentencing range was five to forty years. *See United States v. Silva,* 247 F.3d 1051, 1059–60 (9th Cir. 2001). Accordingly, there was no *Apprendi* violation.

■ Further, because appellant's sentence did not exceed five years, *see* 21 U.S.C. § 841(b)(1)(D), even assuming any error, it was harmless. *See United States v. Saya,* 247 F.3d 929, 942 (9th Cir.2001) ("We have held repeatedly that a defendant cannot obtain relief under *Apprendi* when his sentence does not exceed the statutory maximum authorized by the jury's verdict, even if the district court determined the drug amount by a preponderance of the evidence, instead of having the jury determine the amount beyond a reasonable doubt.").

■ To the extent appellant contends that the district court erred by failing to advise him that, to expose him to a statutory maximum sentence of greater than five years for an unspecified amount of marijuana, the government would be required to prove quantity beyond a reasonable doubt, appellant's substantial rights were not affected because his actual sentence fell below the five-year maximum authorized by the indictment. *See United States v. Minore,* 292 F.3d 1109, 1121–22 (9th Cir.2002).

■ Finally, because appellant admitted to a specific amount of marijuana during the plea colloquy, there was no Sixth Amendment violation. *See United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("[W]e reaffirm our holding in *Apprendi:* Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

**AFFIRMED.**